UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,
               Plaintiffs

vs.

D.J. STAMPFL CORP.,
               Defendant

and

FLEET BANK,
               Trustee

C.A. No. 04 CV 10520 DPW

MAGISTRATE JUDGE Dein

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145, by employee benefit plans to enforce the obligations to make contributions to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.  The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.  Plaintiff Paul J. McNally is a Trustee of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4.  Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5.  Plaintiff Martin F. Walsh is a Trustee of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6.  Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

7. Plaintiff Paul J. McNally is a Trustee of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Legal Services and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

9. Defendant D.J. Stampfl Corp. (hereinafter "Stampfl" or "the Employer") is a Massachusetts corporation with a principal place of business at 445 Walpole Street, Norwood, MA, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10. Fleet Bank is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

11. On or about June 1, 1992, defendant Stampfl agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to any successor agreements. A copy of Stampfl's signed agreement ("short form agreement") is attached hereto as Exhibit A.

12. Because of the short form agreement, Stampfl has been a party to successive collective bargaining agreements, including the agreement which is effective from June, 2000 through May, 2004 ("the Agreement"). A copy of the relevant portions of this Agreement is attached hereto as Exhibit B.

3

13. The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees and specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

14. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-13 supra.

15. In or about February, 2004, an auditor employed by Plaintiff Funds conducted an audit of Stampfl's books and records for the period May through December, 2003.

16. The Funds' auditor determined that Stampfl owes the Funds $13,379.30 in unpaid contributions for the period covered by the audit, together with $13,526.54 in underpayments and interest on late paid contributions.

17. On or about February 12, 2004, a letter was sent by certified and regular mail from the Funds' counsel to Stampfl, notifying it of Stampfl's delinquency and the unpaid underpayments and interest. Attached to the letter were the Funds' audit remittance reports setting out the amounts due. A copy of that letter with attachments is attached hereto as Exhibit C.

18. To date, Stampfl has made no response to this letter and has failed and refused to pay the Funds both the $13,379.30 in contributions due for the period May through December, 2003 and the $13,526.54 in underpayments and interest, and may now be liable for additional obligations incurred thereafter.

19. The failure of Stampfl to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145.

20. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, as determined at the audit and refuse to submit Remittance Reports and pay contributions now due and owing, and the Funds and their participants will be irreparably damaged.

21. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Stampfl held by Fleet Bank;

b. Order the attachment of the machinery, inventory and accounts receivable of defendant Stampfl;

c. Enter a preliminary and permanent injunction enjoining Stampfl from refusing or failing to make contributions to Plaintiff Funds;

d. Enter judgment in favor of the Plaintiff Funds in the amount of $13,379.30 plus any additional amounts determined by the Court to be owed by Stampfl or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

e.    Such further and other relief as this Court deem appropriate.

Respectfully submitted,

PAUL J. MCNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

*/s/ Anne R. Sills*
Anne R. Sills, Esquire
BBO #546576
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208

Dated: March 12, 2004

ARS/ars&ts
6306 03-050/complt.doc

6