UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,<br>　　　　Plaintiffs<br><br>vs.<br><br>D.J. STAMPFL CORP.,<br>　　　　Defendant<br><br>and<br><br>FLEET BANK,<br>　　　　Trustee | C.A. No. 04-10520 DPW |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

This is an action brought to collect contributions due employee benefit funds under the terms of a collective bargaining agreement. Plaintiffs (hereinafter "the Funds") are employee benefit plans. Defendant D.J. Stampfl Corp. (hereinafter "Stampfl") is a Massachusetts corporation that has defaulted. This action has been brought pursuant to §502(a)(3) and §515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA").

The Court has exclusive jurisdiction over this action pursuant to §502(a), (3), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the citizenship of the parties.

A Notice of Default was issued by the Clerk on August 3, 2004. At this juncture, plaintiffs are before the Court on a Motion for Entry of Default Judgment. Plaintiffs now seek a judgment holding defendant liable for $27,072.58, representing contributions owed to the Funds for the period from May through December, 2003, together with underpayments, interest on late-paid contributions and unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs.

## FACTS

Defendant Stampfl is bound by the terms of a Collective Bargaining Agreement ("CBA") with the Massachusetts Laborers' District Council (the "Union"). A true and accurate copy of relevant portions of the CBA is attached to the Complaint as Exhibit B. The CBA requires Stampfl to make monthly contributions to the Massachusetts Laborers' Benefit Funds based on the number of employee hours worked. See Affidavit of Philip Mackay ("Mackay Aff."), par. 4.

According to the CBA, Stampfl must make all payments to the Funds by the 20th day of the month following the incurring of the obligation. Id. The agreement further provides for interest to be paid by the employer on delinquent contributions, at a rate prescribed under Section 6621 of the Internal Revenue Code of 1954. (Mackay Aff., par. 10). Further, the CBA provides for liquidated damages equal to the unpaid interest or in an amount of 20% of the amount of the delinquency or such other percentage as may be permitted by law. Id. The CBA also provides that the delinquent employer will pay reasonable attorney's fees and costs of the action. Id.

Defendant Stampfl performed work under the terms of the CBA, but failed to pay all contributions due thereunder. Stampfl owes the Funds $8,830.32 in unpaid contributions for work performed through December, 2003. (Mackay Aff., par. 9).

## ARGUMENT

Judgment by default should enter where the plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear, and the party is not an infant or incompetent person. Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law. First, the plaintiffs' claim is for a sum certain. Plaintiffs have audited defendant Stampfl's records and, based upon the results of that audit, have ascertained that defendant currently owes the Funds $8,830.32 in unpaid fringe benefit contributions due under the CBA through December, 2003, together with $13,938.34 in underpayments and interest on late-paid contributions. (Mackay Aff., pars. 9, 11). Further, prejudgment interest on the unpaid contributions is mandated by ERISA, 29 U.S.C. §1132(g) (2) (B). As such, the Funds have ascertained that, pursuant to the terms of the CBA, Stampfl would owe $660.46 in interest on the unpaid contributions if those contributions had been paid by the end of September, 2004. (Mackay Aff., par. 11).

Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an amount not in excess of 20% of the unpaid contributions (or such higher percentage as may be permitted under Federal or state law) or in an amount equal to interest on the unpaid contribution, whichever is greater. 29 U.S.C. §1132 (g)(2)(C)(i) and (ii). In the instant case, the CBA provides for liquidated damages in the amount of 20% of the unpaid contributions. Twenty percent of the $8,830.32 owed by defendant Stampfl under the collective bargaining agreement is $1,766.06. (Mackay Aff., par. 12).

Finally, attorneys' fees and costs are also mandated by ERISA. 29 U.S.C. §1132(g)(2)(D). Attorneys' fees and costs of this action are $1,877.40. See Affidavit of Anne R. Sills. These figures demonstrate that plaintiffs' claim is for a sum certain.

Finally, defendant is neither an infant nor incompetent person. Defendant is also not in the military service. See Affidavit of Thomas Masiello.

## CONCLUSION

For all the foregoing reasons, plaintiffs respectfully submit that this Motion for Default Judgment be granted, and that judgment enter against defendant D.J. Stampfl Corp. in the amount of $27,072.58, representing unpaid contributions due through December, 2003, underpayments, interest due on late-paid contributions and unpaid contributions, liquidated damages, and attorneys' fees and costs of this action.

Respectfully submitted,

PAUL J. MCNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated: September 15, 2004

4

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Plaintiffs' Memorandum in Support of Motion for Default Judgment has been served by certified and first class mail upon the defendant's attorney, James G. Grillo, at Heafitz & Sullivan, LLP, 58 Chestnut Hill Avenue, Boston, Massachusetts, this _15_ day of September, 2004.

_____
Gregory A. Geiman, Esquire

GAG/gag&ts
6306 03-050/memsupdf.doc