UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,

        Plaintiffs

vs.

D.J. STAMPFL CORP.,
        Defendant

and

FLEET BANK,
        Trustee

C.A. No. 04-10520 DPW

## AFFIDAVIT OF PHILIP MACKAY

1. My name is Philip Mackay. I am the Collections Agent for the Massachusetts Laborers' Benefit Funds ("the Funds"). In my capacity as Collections Agent I review the audits of and payments by contractors that are bound by their collective bargaining agreements with the Massachusetts Laborers' District Council to make contributions to the Funds for their laborer employees.

2. On or about June 1, 1992, defendant D.J. Stampfl Corp. ("Stampfl") agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring

contributions to Plaintiff Funds, and to any successor agreements. A true and accurate copy of Stampfl's signed agreement ("short form agreement") is attached to the Complaint as Exhibit A.

3. Because of the short form agreement, Stampfl has been a party to successive collective bargaining agreements, including the agreement which is effective from June, 2000 through May, 2004 ("the Agreement"). A true and accurate copy of the relevant portions of this Agreement is attached to the Complaint as Exhibit B.

4. The Agreement requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees and specifies the amount to be contributed for each hour worked. Contributions are to be paid no later than the 20th day of the month following the month during which the work was performed. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.

5. In or about February, 2004, an auditor employed by Plaintiff Funds conducted an audit of Stampfl's books and records for the period May through December, 2003.

6. The Funds' auditor determined that Stampfl owed the Funds $13,379.30 in unpaid contributions for the period covered by the audit, together with $13,526.54 in underpayments and interest on late paid contributions.

7. On or about February 12, 2004, a letter was sent from the Funds' counsel to Stampfl, notifying it of the unpaid contributions and outstanding accounts receivable.

8. Previously, on or about December 10, 2003, I had sent a letter to Stampfl via facsimile, advising it that it owed $1,766.40 in fringe benefit contributions for the work of one employee in November, 2001. This delinquency was not included in the February, 2004 audit.

9. To date, while Stampfl has remitted some of the contributions owed, it has failed and refused to pay the Funds the sum of $8,830.32 in contributions still owed for the audited period and the as yet unpaid underpayments and interest on late paid contributions.

10. Article XX of the Agreement provides for interest to be paid by the employer on delinquent contributions, at a rate prescribed under Section 6621 of the Internal Revenue Code of 1954. It also provides for liquidated damages equal to the unpaid interest or in an amount of 20% of the amount of the delinquency or such other percentage as may be permitted under federal or state law. Further, it provides that the delinquent employer will pay reasonable attorney's fees and costs of the action.

11. Currently, Stampfl owes interest in the amount of $660.46. Further, to date, Stampfl owes $13,938.34 in underpayments and interest on late paid contributions.

12. I have also calculated the liquidated damages due under the terms of Article XX of the collective bargaining agreement and determined that that amount is $1,766.06.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 15th DAY OF SEPTEMBER, 2004.

_____
Philip Mackay

### CERTIFICATE OF SERVICE

This is to certify that a copy of the above Affidavit has been served by certified and first class mail upon the defendant's attorney, James G. Grillo, at Heafitz & Sullivan, LLP, 58 Chestnut Hill Avenue, Boston, Massachusetts, this 15 day of September, 2004.

_____
Gregory A. Geiman, Esquire

ARS/ara&ts
6306 03-050/affmackay1.doc

3