UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,
        Plaintiffs

vs.

D.J. STAMPFL CORP.,
        Defendant

and

FLEET BANK,
        Trustee

C.A. No. 04-10520 DPW

**MEMORANDUM IN SUPPORT OF PLAINTIFF FUNDS' MOTION
TO COMPEL POST-JUDGMENT DISCOVERY RESPONSES**

**I.    INTRODUCTION**

This is an action for unpaid employee benefit fund and other fund contributions brought by the Plaintiffs, Paul J. McNally, as he is Trustee, Massachusetts Laborers' Health and Welfare Fund, et al. ("the Funds"). This Court has entered judgment against the Defendant and the Plaintiffs are currently seeking Answers to Post Judgment Interrogatories and Requests for Production of Documents ("Post-Judgment Discovery").

The Funds now move this honorable Court for an Order, pursuant to Rule 37 of the Federal Rules of Civil Procedure ("Federal Rules"), compelling Defendant D.J. Stampfl Corp.

("Stampfl") to answer Plaintiffs' Post-Judgment Discovery, ordering it to pay the expenses, including attorneys' fees, incurred by the Funds in filing this Motion, and informing it that appropriate sanctions will be entered against it under Rule 37(b)(2) absent full compliance with the Court's Order within fourteen (14) days.

**II.     THE FACTS**

On May 19, 2005, the Plaintiff Funds served Post-Judgment Discovery upon Stampfl pursuant to Rules 33, 34 and 69 of the Federal Rules.  See Affidavit of Gregory A. Geiman ("Geiman Aff."), par. 2, and Exhibit A.  On June 23, 2005, Funds' counsel Gregory Geiman sent a letter to Stampfl, advising it that the 30-day deadline for responding to the Post-Judgment Discovery had passed and that the Funds would be forced to file a Motion to Compel if responses were not received by July 1, 2005.  Soon thereafter, on July 5, 2005, the Funds received a payment of $1,756.58 toward the outstanding judgment.  Geiman Aff., par. 3.  In a subsequent telephone conversation, Stampfl president Dennis Stampfl advised Attorney Geiman that the remainder of the fringe benefit contributions owed would be remitted in two separate installments, no later than July 18, 2005, and that the company would then enter into a payment plan for the interest owed on the late-paid contributions.  Geiman Aff., par. 4.  Stampfl made similar promises via telephone throughout July and August, 2005.  Id.  In reliance on Stampfl's repeated assurances that it would pay the judgment amount, Attorney Geiman decided not to pursue a Motion to Compel.  Geiman Aff., par. 5.  However, the promised payments never arrived.  Geiman Aff., par. 6.  Thus, on November 14, 2005, Attorney Geiman sent a letter to Stampfl via certified and first class mail, advising it that the Funds would seek to file the instant Motion to Compel if responses to the Post-Judgment Discovery were not forthcoming by November 23, 2005.  Geiman Aff., par. 7, and Exhibit B.  Attorney Geiman received no response

to his November 14 letter.  <u>Id.</u>  To date, the Funds have incurred $520.00 to date in attorneys' fees related to filing this Motion to Compel.  See Geiman Aff., par. 8.

**III.    ARGUMENT:  THE FUNDS ARE ENTITLED TO AN ORDER COMPELLING STAMPFL TO RESPOND TO THE DISCOVERY REQUESTS, PAY THE FUNDS' EXPENSES, AND OTHER RELIEF.**

Rule 37(a) of the Federal Rules authorizes a party to move the Court to compel a non-responsive party to answer or respond to discovery requests, and to pay the reasonable expenses, including attorneys' fees, incurred in filing a motion to compel.  Rule 37(d) authorizes the Court to order sanctions, as outlined in Rule 37(b)(2)(A)-(C), when a party fails or refuses to comply with an order compelling answers to interrogatories.

In this case, there is no doubt that Defendant Stampfl has failed to respond at all to the Funds' Post-Judgment Discovery.  The Post-Judgment Discovery was propounded over six months ago, on May 19, 2005.  Thereafter, the Funds made a good faith effort to resolve the post-judgment litigation without moving this Court to compel responses to their Post-Judgment Discovery.  However, Stampfl took advantage of the Funds' good faith effort and the Funds' patience and effectively stalled the post-judgment litigation with its promises of payment, thereby prolonging the time that its former employees have to wait for their hard-earned and contractually-obligated fringe benefit contributions.  However, by letters dated June 23 and November 14, 2005, Stampfl was on notice that it had failed to respond to the Post-Judgment Discovery within the allotted time period.  Despite these letters, to date the company has failed and refused to respond to the Post-Judgment Discovery.  Thus, under Rule 37, the Funds are entitled to an Order compelling Stampfl to respond to the Funds' Post-Judgment Discovery and mandating other appropriate relief as requested below and permitted under Rule 37.

3

IV. **CONCLUSION**

For all of the foregoing reasons, Plaintiff Funds respectfully request that the Court grant their Motion and enter an Order: (1) compelling Stampfl to answer the Funds' Post-Judgment Interrogatories and Requests for Production of Documents within at least fourteen (14) days of the date of the Order; (2) compelling Stampfl to pay the expenses, including attorneys' fees, incurred by the Funds in filing this Motion; and (3) informing Stampfl that the Court will order sanctions as authorized under Rule 37(b)(2)(D) if it fails to comply fully with the Court Order within fourteen (14) days.

Respectfully submitted,

PAUL J. MCNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  December 15, 2005

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the above Memorandum in Support of Motion to Compel Post-Judgment Discovery Responses has been served by first class mail upon the defendant, D.J. Stampfl at 45 Walpole Street, Norwood, MA  02062 this 15th day of December, 2005.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 6306 05-129/memo-compelpj-discovery.doc

4