UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,
          Plaintiffs

vs.

D.J. STAMPFL CORP.,
          Defendant

and

FLEET BANK,
          Trustee

C.A. No. 04-10520 DPW

## AFFIDAVIT OF GREGORY A. GEIMAN

1.     My name is Gregory A. Geiman. I am an attorney with Segal, Roitman, and Coleman and I represent the Plaintiffs in the above-captioned matter.

2.     On May 19, 2005, the Plaintiff Funds served Post-Judgment Interrogatories and Requests for Production of Documents ("Post-Judgment Discovery") upon Defendant D.J. Stampfl Corp. ("Stampfl") pursuant to Rules 33, 34 and 69 of the Federal Rules of Civil Procedure. See Exhibit A, attached hereto.

3.     On June 23, 2005, I sent a letter to Stampfl, advising it that the 30-day deadline for responding to the Post-Judgment Discovery had passed and that the Funds would be forced to

file a Motion to Compel if responses were not received by July 1, 2005.  Soon thereafter, on July 5, 2005, the Funds received a payment of $1,756.58 toward the outstanding judgment.

  4. In a subsequent telephone conversation, Stampfl president Dennis Stampfl advised me that the remainder of the fringe benefit contributions owed would be remitted in two separate installments, no later than July 18, 2005, and that the company would then enter into a payment plan for the interest owed on the late-paid contributions.  Stampfl made similar promises via telephone throughout July and August, 2005.

  5. In reliance on Stampfl's repeated assurances that it would pay the judgment amount, I decided not to pursue a Motion to Compel for the time being.

  6. However, the promised payments never arrived.

  7. Thus, on November 14, 2005, I sent a letter to Stampfl via certified and first class mail, advising it that the Funds would seek to file the instant Motion to Compel if responses to the Post-Judgment Discovery were not forthcoming by November 23, 2005.  See Exhibit B, attached hereto.  I received no response to this November 14 letter.

  8. To date, the Funds have incurred $520.00 to date in attorneys' fees related to filing this Motion to Compel.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 15th DAY OF DECEMBER, 2005.

            /s/ Gregory A. Geiman
            Gregory A. Geiman, Esquire

## CERTIFICATE OF SERVICE

  This is to certify that a copy of the above Affidavit has been served by first class mail upon the defendant, D.J. Stampfl at 45 Walpole Street, Norwood, MA  02062 this 15th day of December, 2005.

            /s/ Gregory A. Geiman
            Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 6306 05-129/affgeiman.doc