UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,
    Plaintiffs

vs.

D.J. STAMPFL CORP.,
    Defendant

and

FLEET BANK,
    Trustee

C.A. No. 04-10520 DPW

## PLAINTIFFS' POST-JUDGMENT INTERROGATORIES TO DEFENDANT D.J. STAMPFL CORP.

You are required to file answers under oath to the following interrogatories within thirty (30) days of receipt of the interrogatories, pursuant to Rules 33 and 69, Fed. R. Civ. P., with Gregory A. Geiman at Segal, Roitman & Coleman at 11 Beacon Street, Suite #500, Boston, Massachusetts 02108.

    A.    As used herein, the words "you" and "your" refer to D.J. Stampfl Corp. ("Stampfl") and Stampfl's agents, representatives, attorneys and all other persons acting or purporting to act on behalf of Stampfl.

B. The singular of each term also encompasses the plural, and vice-versa.

C. The disjunctive "or" also includes the conjunctive "and."

D. The word "each," "every," "any" and "all" shall be deemed to include all of these words.

E. <u>Communication.</u> The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

F. <u>Document.</u> The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

G. <u>Identify (with respect to persons).</u> When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

H. <u>Identify (with respect to documents).</u> When referring to documents, "to identify" means to give, to the extent known, the

(a) type of document;

(b) general subject matter;

(c) date of the document; and

(d) author(s), addressee(s), and recipient(s).

I. <u>Parties.</u> The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This

definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

J.    Person. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

K.    Concerning. The term "concerning" means referring to, describing, evidencing, or constituting.

L.    If a precise value, amount or date cannot be supplied in responses to an interrogatory, an approximate value, amount or date should be provided.

M.    In response to each interrogatory, please state whether there are any documents, which verify, reflect or concern the information requested, and state for each document:

1.    the title, contents and date of the document; and

2.    the name and address of the person who has custody or control of the document.

**IN LIEU OF RESPONDING IN THIS MANNER, YOU MAY PRODUCE A COPY OF THE DOCUMENT, PROVIDED THAT YOU CLEARLY INDICATE THE INTERROGATORY TO WHICH THE DOCUMENT RELATES.**

N.    If you refuse to answer any interrogatory or identify any document as requested herein, you must fully state why you refuse to provide the requested information.

O.    If you object in whole or in part to any interrogatory and refuse to answer in part, you must answer any part of the interrogatory not expressly encompassed by your objection.

P.    If you cannot fully respond to an interrogatory after exercising all due diligence, respond to the extent possible and state why you are unable to respond to the remainder. You must also indicate when you will be able to respond to the remainder, fully stating any reasons for delay in responding to the remainder.

Q. Where exact information cannot be furnished, please supply the requested information to the extent possible. In each such case, you must indicate that only approximated information is provided, and state why exact information cannot be furnished. You must also indicate whether and when you will be able to provide exact information, and state any reasons for delay in providing exact information.

R. These interrogatories are considered to be continuing in character. Your answers must be modified or supplemented as you obtain further information, until the full amount of the judgment rendered against you in this matter has been satisfied.

S. You are reminded that all answers must be made separately and completely, and that an incomplete or evasive answer is, legally, a failure to answer.

## **INTERROGATORIES**

1. Do you own any interest in real estate? If so, as to each such interest, state:

    (a) The location of the real estate and the name in which it is held;

    (b) The nature of your interest in the real estate;

    (c) The date you acquired such interest;

    (d) The amount paid to acquire such interest; and

    (e) Whether there are any mortgages on such real estate. If there are any such mortgages, as to each mortgage, state:

        (i) The identify of the mortgagee, including present address;

        (ii) The amount of the original mortgage obligation; and

        (iii) The outstanding obligation of that mortgage.

2. Have you conveyed any interest in real estate to anyone since: January 1, 2002? If so, as to each such conveyance, state:

    (a) The location and a description of the real estate;

    (b)    The interest you conveyed;

    (c)    The identity of the person to whom you conveyed that interest, including their present address; and

    (d)    The consideration you received.

3. Does any person hold any real property for you or on your behalf? If so, as to each property state:

    (a)    The address of the property;

    (b)    The name of the legal owner of the property; and

    (c)    The nature of your interest in the property.

4. Do you hold as mortgagee a mortgage on any real estate? If so, as to each such mortgage state:

    (a)    The location and a description of the real estate;

    (b)    The date on which you acquired the mortgage;

    (c)    The original principal amount of the mortgage;

    (d)    The outstanding balance due on the mortgage; and

    (e)    The identity of the mortgagor, including present address.

5. Do you own any automobiles, trucks, vessels, aircraft, or other vehicles? If so, as to each such vehicle state:

    (a)    The make, model and year of the vehicle;

    (b)    The identity, including present address of the registered owner of the vehicle;

    (c)    The governmental agency registering the vehicle and the vehicle registration number;

    (d)    The location of the vehicle; and

    (e)    Any security interests in the vehicle, and if any, identify the secured creditor(s).

6. Do you own any equipment? If so, as to each such piece of equipment state:

   (a) The type, make, model, year of the equipment;

   (b) The identity, including present address of the registered owner of the equipment;

   (c) The location of the equipment; and

   (d) Any security interests in the equipment, and if any, identify the secured creditor(s).

7. Are you now performing or have you performed any work or jobs since January 1, 2002? If so, for all jobs now being performed, or performed since January 1, 2002, please state the name of the job, the location of the job, the name of the general contractor or job site owner, the dates work was/is being performed and the total amount paid and/or due to Stampfl on the job.

8. Are you a party to a contract of any kind? If so, as to each such contract state:

   (a) The identity of such contract;

   (b) The nature and terms of such contract, including the value and effective dates of the contract;

   (c) The identity of the person or entity with whom you entered into the contract, including present address; and

   (d) The amount of money presently owed to you, if any, on the contract.

9. Is anyone indebted to you in an amount in excess of $500.00? If so, for each such indebtedness state:

   (a) The identity of the individual or entity indebted to you, including present address;

   (b) The title and registered owner or holder of the account or certificate of deposit, including present address;

   (c) The account number;

   (d) A full and complete description of the nature of the account or certificate of deposit; and

   (e) The current balance of the account or certificate of deposit.

10. Do you own or have any interest in any stocks, bonds, mutual funds, money market funds, or other securities or negotiable instruments? If so, as to each such interest state:

   (a) A full description of the stock, bond, security or negotiable instrument;

   (b) The par or face value of such stock, bond, security or negotiable instrument;

   (c) The registered and beneficial holders of the stock certificate, bond, security or negotiable instrument, including present address;

   (d) The dates on which interest or dividends are payable;

   (e) The maturity date of any bond;

   (f) The identity of the custodian of any and all documents evidencing the interest, including present address; and

   (g) The location of any and all such documents.

11. Are you a trustee, grantor or beneficiary of any trust fund? If so, as to each such trust fund state:

   (a) The nature and terms of the trust;

   (b) The nature and value of the property held in the trust;

   (c) The nature of your interest therein; and

   (d) The identity of each grantor, trustee, or beneficiary, including present address.

12. Do you own any warehouse receipts, bills of lading or other documents of title? If so, as to each item state:

   (a) The identity of such item;

   (b) The location of such item;

   (c) Whether or not such item is subject to any security interest; and

   (d) The identity of the holder of any such security interest, including present address.

13. Are you the plaintiff in any lawsuit which is pending or in which a verdict or judgment has not been satisfied in whole or in part? If so, state all details thereof, including court and docket number.

14. Have you applied for a loan or mortgage within the last two years? If so, as to each such loan or mortgage application state:

    (a) Where you applied for such loan;

    (b) Whether or not you were granted such loan;

    (c) The amount granted for such loan; and

    (d) What you did with the proceeds of such loan, if any.

15. In the last two years, have you acted as co-maker, guarantor or endorser of any loan? If so, provide full details as to each such loan and your relationship thereto, including the amount of the loan and the identity of any person, including present address, who receives or utilizes the loan.

16. Have you issued or furnished any financial statements, including any income tax statements, within the last three years? If so, as to each such financial statement state:

    (a) The identity of such financial statement;

    (b) To whom such financial statement was issued; and

    (c) Detail the financial data or information reflected in each such statement or, in lieu thereof, attach a copy of each such statement.

17. Does any governmental body owe you money, or do you owe any governmental body any money? If so, provide full and complete details thereof, including the amount of money presently owed, and any payment plan in progress.

18. Have you made any claim under any policy of insurance within the last two years? If so, as to each such claim state:

    (a) The name of the insurer, including present address;

    (b) The policy number;

    (c) The facts giving rise to such claim; and

    (d) Whether or not such claim has been paid.

19. Do you own or have any interest in any partnerships or limited partnerships? If so, as to each such interest state:

    (a) A full and complete description of the partnership, limited partnership or other entity, including but not limited to its name, purpose, assets, registered address, and the identity of each of its general partners;

    (b) The identity of the agreement or agreements governing the affairs of the partnership;

    (c) The nature and extent of the interest;

    (d) The value of the interest, if any; and

    (e) The name under which the interest is owned or otherwise held by you.

20. Do you own or have any interest in any business, corporation, partnership, or joint venture other than those identified in response to the foregoing interrogatories? If so, as to each state:

    (a) The identity and address of the business, corporation, partnership or joint venture; and

    (b) a full and complete description of your interest in same.

21. Do you own or have any interest in any asset or item of value individually or collectively worth in excess of $500.00 other than those identified in response to the foregoing interrogatories? If so, for each such asset or item state:

    (a) A full and complete description of the asset or item;

    (b) The nature of your interest in the assets or item;

    (c) The value of the asset or item; and

    (d) The location of the asset or item.

                                    Respectfully submitted,

                                    PAUL J. MCNALLY, as he is
                                    TRUSTEE, MASSACHUSETTS
                                    LABORERS' HEALTH AND WELFARE
                                    FUND, et al,

By their attorneys,

/s/ Gregory A. Geiman

Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208
Suite #500
Boston, MA 02108
(617) 742-0208

Dated: May 19, 2005

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Post-Judgment Interrogatories has been served by first class mail upon the defendant, D.J. Stampfl at 45 Walpole Street, Norwood, MA 02062 this 19th day of May, 2005.

/s/ Gregory A. Geiman

Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 6306 05-129/interrog-postjudg.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,<br>　　　　　　　Plaintiffs<br><br>vs.<br><br>D.J. STAMPFL CORP.,<br>　　　　　　　Defendant<br><br>and<br><br>FLEET BANK,<br>　　　　　　　Trustee | C.A. No. 04-10520 DPW |

### PLAINTIFFS' POST-JUDGMENT REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT D.J. STAMPFL CORP.

Pursuant to this Rules 34 and 69, Fed. R. Civ. P., Plaintiffs Paul J. McNally, as he is Trustee, et al. request that the Defendant D.J. Stampfl Corp. ("Stampfl") produce and permit the Plaintiffs to inspect, copy, and/or photograph the following documents (including all computer-generated documents) and things, including the originals thereof, which are in the possession, custody, or control of the Defendant or any agents, officers, servants, and/or employees of the Defendant, or to which the Defendant or Defendant's agent has access. Production is to occur at the office of Segal, Roitman and Coleman, 11 Beacon Street, Suite #500, Boston, Massachusetts 02108, at 10:00 a.m. on Tuesday, May 24, 2005.

## DEFINITIONS AND INSTRUCTIONS

As used in these requests, the following terms have the following meanings:

A. "Person" includes, in the plural as well as the singular, any natural person, firm, unincorporated association, partnership, corporation or other entity, unless the context indicates otherwise.

B. "Document" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including but not limited to: any letter, correspondence, or communication of any sort; film, print, or negative of photograph; sound recording, video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report, or record of telephone conversation, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper, or draft; computer output or input, data processing card; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement circular, newspaper or magazine clipping, press release; receipt, journal, ledger, payroll record, remittance report, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, or register, cancelled check, deposit slip, charge slip, tax return (income or other), requisition; file, study, graph, tabulation, and any and all other writings and recordings of whatever nature, whether signed or unsigned or transcribed, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.

C. "Document" also means (a) the original and/or any non-identical original or copy including those with any marginal note or comment, or showing additions, deletions, or

substitutions; (b) drafts; (c) attachment to or enclosure with any document; and (d) every document referred to in any other documents.

D. "Document" also includes any electronic mail (e-mail) messages.

E. The words "you" and "your" refer to Stampfl and Stampfl's agents, representatives, attorneys and all other persons acting or purporting to act on behalf of Stampfl.

F. The singular of each term also encompasses the plural, and vice-versa.

G. The disjunctive "or" also includes the conjunctive "and."

H. The word "each," "every," "any" and "all" shall be deemed to include all of these words.

I. The term "concerning" means referring to, describing, evidencing, or constituting.

J. Unless otherwise indicated, each request seeks documents for the period from January 1, 2002 to the present time.

K. If there are no documents in existence that are requested in a particular paragraph of this Request, your response must include a statement to that fact.

L. If any of these requests call for documents which you contend are protected by the attorney-client privilege or another claimed privilege or by the work product rule, you should identify such document nevertheless (except for the specific text or words used) and also state all reasons for your claim that the document is so privileged or protected.

## REQUESTS

1. All documents concerning your ownership interest in real estate.

2. All documents concerning conveyances of real estate by you since January 1, 2002.

3. All documents concerning real property held for you or on your behalf by any person.

4. All documents concerning real estate mortgages on which you are the mortgagee.

5. All documents concerning any automobiles, trucks, vessels, aircraft, or other vehicles that you own.

6. All documents concerning equipment that you own.

7. All documents concerning jobs on which you are now performing or on which you have performed since January 1, 2002.

8. All documents concerning any person that is indebted to you for more than $500.00.

9. All documents concerning any interest you have in stocks, bonds, mutual funds, money market funds, or other securities or negotiable instruments.

10. All documents concerning your role as a trustee, grantor, or beneficiary of any trust fund.

11. All warehouse receipts, bills of lading, or other documents of title that you own.

12. All documents concerning a pending lawsuit in which you are the plaintiff, or concerning a verdict of judgment for which you are the plaintiff and which has not been satisfied in whole or in part.

13. All documents concerning any loan or mortgage application you have filed within the last two years.

14. All documents concerning your role as a co-maker, guarantor, or endorser of any loan over the past two years.

15. All financial statements, including any income tax statements, issued or furnished by you within the last three years.

16. All documents concerning money owed to you by any governmental body.

17. All documents concerning any claim you have made under any policy of insurance within the last two years.

18. All documents concerning any ownership or any interest you have in any partnerships, limited partnership, business, corporation or joint venture, other than Stampfl.

19. All documents concerning any interest you own or have in any asset or item of value individually or collectively worth in excess of $500.00, other than any asset or item produced in response to one of the prior topics.

Respectfully submitted,

PAUL J. MCNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

_____
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA 02108
(617) 742-0208

Dated: May 19, 2005

### CERTIFICATE OF SERVICE

This is to certify that a copy of the above Post-Judgment Request for Production of Documents has been served by first class mail upon the defendant, D.J. Stampfl at 45 Walpole Street, Norwood, MA 02062 this 19th day of May, 2005.

_____
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 6306 05-129/reqproddoc-postjudg.doc