UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,
              Plaintiffs

vs.

D.J. STAMPFL CORP.,
              Defendant

and

FLEET BANK,
              Trustee

C.A. No. 04-10520 DPW

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR FINDING OF CIVIL CONTEMPT**

**I.    INTRODUCTION**

This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by trustees of employee benefit plans and by a labor union to enforce the obligations to make contributions and pay interest due to such plans under the terms of a collective bargaining agreement and the plans. Defendant D.J. Stampfl Corp. (hereinafter "Stampfl") is a Massachusetts corporation with a principal place of business listed at 445 Walpole Street, Norwood, Massachusetts, and was bound during the

relevant time period to the terms of a collective bargaining agreement and the Plaintiffs' governing documents.

Plaintiffs Paul J. McNally, as he is Trustee, Massachusetts Laborers' Health and Welfare Fund, et al. (hereinafter "Funds") now move this honorable Court for an order of civil contempt against the Defendant, as authorized by Fed. R. Civ. P. 37(b)(2)(D), for the Defendant's failure to comply with this Court's February 8, 2006 Order on Motion to Compel Post-Judgment Discovery Responses ("Order") within the prescribed fourteen (14) days. Specifically, the Funds seek (1) a finding of contempt against Stampfl for its continuing violation of the Court's Order; (2) imposition of a compensatory fine against Stampfl to make whole the Funds for damages caused by Stampfl's conduct; (3) imposition of a conditional fine of $500.00 per day that Stampfl refuses to comply with the Court's Order; and/or (4) issuance of a capias to place Stampfl president Dennis J. Stampfl in custody if he fails to appear at a hearing on this Motion and/or continues to fail and refuse to comply with the Order thereafter.

This Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

**II.    STATEMENT OF FACTS**

On October 6, 2004, the Funds received default judgment in the underlying matter in the amount of $27,072.58 in unpaid fringe benefit contributions and interest, liquidated damages, and attorneys' fees, all pursuant to ERISA. In an effort to collect on their judgment, the Plaintiff Funds served Post-Judgment Interrogatories and Requests for Production of Documents ("Post-Judgment Discovery") upon Stampfl on May 19, 2005 pursuant to Rules 33, 34 and 69 of the Federal Rules. See Affidavit of Gregory A. Geiman ("Geiman Aff."), par. 2, and Exhibit A

2

thereto. On June 23, 2005, Funds' counsel Gregory Geiman sent a letter to Stampfl, advising it that the 30-day deadline for responding to the Post-Judgment Discovery had passed and that the Funds would be forced to file a Motion to Compel if responses were not received by July 1, 2005. Soon thereafter, on July 5, 2005, the Funds received a payment of $1,756.58 toward the outstanding judgment. Geiman Aff., par. 3. In a subsequent telephone conversation, Stampfl's president Dennis J. Stampfl advised Attorney Geiman that the remainder of the fringe benefit contributions owed would be remitted in two separate installments, no later than July 18, 2005, and that the company would then enter into a payment plan for the interest owed on the late-paid contributions. Geiman Aff., par. 4. Stampfl made similar promises via telephone throughout July and August, 2005. Id. In reliance on Stampfl's repeated assurances that it would pay the judgment amount, Attorney Geiman decided not to pursue a Motion to Compel. Geiman Aff., par. 5. However, the promised payments never arrived. Geiman Aff., par. 6. Thus, on November 14, 2005, Attorney Geiman sent a letter to Stampfl via certified and first class mail, advising it that the Funds would seek to file the instant Motion to Compel if responses to the Post-Judgment Discovery were not forthcoming by November 23, 2005. Geiman Aff., par. 7, and Exhibit B thereto. Attorney Geiman received no response to his November 14 letter. The Motion to Compel was filed on December 15, 2005. Geiman Aff., par. 8.

In response to the Funds' Motion to Compel, this honorable Court issued its Order on Motion to Compel Post-Judgment Discovery Responses on February 8, 2006. A true and accurate copy of the Order is attached hereto as Exhibit 1. This Court ordered that:

(1) Stampfl shall answer the Plaintiff's Post-Judgment Interrogatories and Requests for Production of Documents completely within at least fourteen (14) days of the date of this Order; and

> (2)   The Court will order sanctions as authorized under Rule 37(b)(2)(D) against Stampfl if it fails to comply fully with this Order within fourteen (14) days.

Attorney Geiman sent a copy of the Order to Stampfl via certified and first class mail on February 9, 2006. Geiman Aff., par. 9, and Exhibit C thereto. To date, Stampfl has failed to comply in any respect with the Order. Id.

### III. ARGUMENT

#### A. THE COURT SHOULD FIND STAMPFL IN CONTEMPT OF COURT FOR VIOLATING THE COURT'S FEBRUARY 9, 2006 ORDER.

Under Fed. R. Civ. P. 37(b)(2), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just . . ." With regard to such sanctions, "the district court has 'a broad discretion to make whatever disposition is just in the light of the facts of the particular case.'" Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 932 (1st Cir. 1991) (citation omitted). "The district court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even." Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d §2284, at 612-613. The sanctions enumerated in Rule 37 include:

> (D)   In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination[.]

Fed. R. Civ. P. 37(b)(2)(D). The purpose of civil contempt is to "coerce present or future compliance with an order of the court." In Re Kave, 760 F. 2d 343, 351 (1st Cir. 1985). In order to hold a party in contempt, the complainant must show by clear and convincing evidence that the party violated a court order that is clear and unambiguous. Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 17 (1st Cir. 1991); Langton v. Johnson, 928 F.2d 1206, 1220 (1st Cir.

4

1991); NBA Properties v. Gold, 895 F.2d 30, 32 (1st Cir. 1990).

### 1. The Court's February 8, 2006 Order is Clear and Unambiguous.

The Court's February 8, 2006 Order is clear and unambiguous. The Order is specific in its terms and describes in reasonable detail the acts required of Stampfl. See Project B.A.S.I.C., supra at 17 (quoting Reed v. Cleveland Bd. of Educ., 607 F.2d 749, 752 (6th Cir. 1979)) ("'The notice of a judicial order upon violation of which a contempt finding may properly based is such notice as would clearly tell a reasonable person what he is required to do or abstain from doing.'"). A reasonable person would clearly understand the act the Order requires of Stampfl – providing the Funds with responses to their Post-Judgment Discovery within fourteen days. Further, the Order makes it absolutely clear that, should Stampfl fail to comply with the Order within the allotted time, the Court will order sanctions as authorized by Rule 37(b)(2)(D). There was no question about the meaning of the Court's Order at the time of its issuance, and neither the Funds nor Stampfl has ever asked the Court to clarify or reconsider the Order.

### 2. There is Clear and Convincing Evidence that Stampfl Violated the Court's February 8, 2006 Order.

To date, Stampfl has failed to provide the Funds with responses to their Post-Judgment Discovery, despite the Order's clear mandate to do so. Geiman Aff., par. 9. Stampfl's failure and refusal to provide answers to the Funds' Post-Judgment Discovery constitutes a clear, direct violation of the Court's Order.

### 3. Because Stampfl is in Contempt of the Court's Order, the Court should Impose a Conditional Fine and/or Issue a Capias to Place Stampfl President Dennis J. Stampfl in Custody.

District courts have broad power to design remedies in civil contempt proceedings. McComb v. Jacksonville Paper Co., 336 U.S. 187, 193-194 (1949); Service Employees

<u>International Union, Local 36 et al. v. Pullman et al.</u>, C.A. No. 85-1476 (3d Cir. March 7, 1986). The court may impose a "compensatory fine to make whole the aggrieved party for damages caused by the contemnor's conduct . . . [A]ny amount assessed by the court must be based upon evidence of the complainant's actual losses, and his right to recover, as in any civil litigation, is dependent upon the outcome of the underlying controversy." <u>In re Kave</u>, 760 F.2d at 351 (quoting <u>United States v. United Mine Workers</u>, 330 U.S. 258, 304, 67 S. Ct. 677, 701 (1947)).

The Funds have incurred attorneys' fees to seek a remedy for Stampfl's contempt and to seek Stampfl's compliance with its obligations under Fed. R. Civ. P. 37. As a result, the Court should impose upon Stampfl a compensatory fine of $1,120.00. Geiman Aff., par. 10.

The Funds further request that the Court, in its discretion, impose a conditional fine on Stampfl to induce it to answer the Funds' Post-Judgment Discovery. "Coercive sanctions . . . look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order . . ." <u>LaTrobe Steel Co.</u>, 545 F.2d at 1344. The Funds suggest that the amount of the fine be $500.00 per day that Stampfl fails to comply with the February 8, 2006 Order, beginning on the date after the date of the Court's action on the instant Motion.

Finally, if the Court schedules a hearing on this Motion, and Stampfl fails to attend the hearing and/or continues to fail and refuse to comply with the Court's Order immediately following the hearing, the Funds request that the Court issue a capias to place Stampfl president Dennis J. Stampfl in custody until he complies with the Order. The First Circuit has recognized the availability of the sanctions of imprisonment as well as monetary fines in civil contempt proceedings to "*induce* the purging of contemptuous conduct." <u>In Re Kave</u>, 760 F.2d 343, 351 (1985). <u>Accord</u> <u>Service Employees International Union, Local 36</u>, <u>supra,</u> slip op. at 5-6 (quoting <u>Latrobe Steel Co. v. United Steelworkers</u>, 545 F.2d 1336, 1344 (3d Cir. 1976) ("Trial judges . .

6

. may impose an indeterminate period of confinement which may be brought to end only by the contemnor's ultimate adherence to the court's order . . . [;] may levy a fine of a specified amount for past refusal to conform to the injunction, conditioned, however, on the defendant's continued failure to obey . . . [; and] may also specify that a disobedient party will be fined a certain amount for each day of noncompliance.")

Further, federal courts have recognized the availability of these remedies in ERISA actions in which defendants have failed and refused to pay contributions to health and welfare and pension plans and/or refused such plans' requests for audits of payroll records.  See, e.g., Service Employees International Union, Local 36, supra (finding district court did not abuse its discretion in requesting incarceration of defendant's principal officer pending payment of all unpaid contributions due pension and health and welfare funds as sanction in civil contempt proceedings); Building Trades United Pension Trust Fund et al. v. Eatons Asphalt Service, No. 83 C 1871 (E.D. Wisc. August 28, 1986) (imposing ten day jail term on defendant's principal officer, pending hearing to determine whether defendant purged his contemptuous conduct before hearing, for failure to pay unpaid health and welfare and pension fund contributions and permit audit of payroll records and books).

Dennis J. Stampfl, president of the Defendant corporation, should be held personally liable for the Defendant's contemptuous conduct, and as such, a capias should be issued in his name if Stampfl fails to appear at a hearing on this Motion and continues to fail and refuse to comply with the Order immediately thereafter.  See Wilson v. United States, 221 U.S. 361, 376 (1911), N.L.R.B. v. Maine Caterers, Inc., 732 F.2d 689, 691 (1st Cir. 1984); Electrical Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Electric Service Co., 340 F.3d 373, 380-82 (6th Cir. 2003).

IV.     **CONCLUSION**

For all of the foregoing reasons, Plaintiff Funds respectfully request that the Court grant their Motion for Finding of Civil Contempt.

Respectfully submitted,

PAUL J. MCNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA  02108
(617) 742-0208
ggeiman@segalroitman.com

Dated:  March 20, 2006

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the above Memorandum in Support of Motion for Finding of Civil Contempt has been served by first class mail upon the defendant, D.J. Stampfl at 45 Walpole Street, Norwood, MA  02062 this 20th day of February, 2006.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 6306 05-129/memo-suppmotion-contempt.doc