**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,                                                    C.A. No. 04-10520 DPW
        Plaintiffs

        vs.

D.J. STAMPFL CORP.,
        Defendant

        and

FLEET BANK,
        Trustee

**AFFIDAVIT OF GREGORY A. GEIMAN IN SUPPORT OF**
**MOTION FOR FINDING OF CIVIL CONTEMPT**

1.      My name is Gregory A. Geiman.  I am an attorney with Segal, Roitman &
Coleman and I represent the Plaintiffs in the above-captioned matter.

2.      On May 19, 2005, the Plaintiff Funds served Post-Judgment Interrogatories and
Requests for Production of Documents ("Post-Judgment Discovery") upon Defendant D.J.
Stampfl Corp. ("Stampfl") pursuant to Rules 33, 34 and 69 of the Federal Rules of Civil
Procedure.  See Exhibit A, attached hereto.

3.    On June 23, 2005, I sent a letter to Stampfl, advising it that the 30-day deadline for responding to the Post-Judgment Discovery had passed and that the Funds would be forced to file a Motion to Compel if responses were not received by July 1, 2005. Soon thereafter, on July 5, 2005, the Funds received a payment of $1,756.58 toward the outstanding judgment.

4.    In a subsequent telephone conversation, Stampfl president Dennis Stampfl advised me that the remainder of the fringe benefit contributions owed would be remitted in two separate installments, no later than July 18, 2005, and that the company would then enter into a payment plan for the interest owed on the late-paid contributions. Stampfl made similar promises via telephone throughout July and August, 2005.

5.    In reliance on Stampfl's repeated assurances that it would pay the judgment amount, I decided not to pursue a Motion to Compel for the time being.

6.    However, the promised payments never arrived.

7.    Thus, on November 14, 2005, I sent a letter to Stampfl via certified and first class mail, advising it that the Funds would seek to file the instant Motion to Compel if responses to the Post-Judgment Discovery were not forthcoming by November 23, 2005. See Exhibit B, attached hereto. I received no response to this November 14 letter.

8.    The Funds' Motion to Compel was filed on December 15, 2005.

9.    I sent a copy of the Court's Order on Motion to Compel Post-Judgment Discovery Responses ("Order") to Stampfl via certified and first class mail on February 9, 2006. See Exhibit C, attached hereto. To date, Stampfl has failed to comply in any respect with the Order.

10.     To date, the Funds have incurred $1,120.00 in attorneys' fees and costs in seeking

a remedy for Stampfl's contempt and in seeking Stampfl's compliance with its obligations under

Fed. R. Civ. P. 37.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 20th DAY OF

MARCH, 2006.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Affidavit has been served by first class mail upon the defendant, D.J. Stampfl at 45 Walpole Street, Norwood, MA  02062 this 20th day of March, 2006.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 6306 05-129/affgeiman2.doc